Filed 8/9/21  Ghost Golf v. Newsom CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GHOST GOLF, INC., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> GAVIN NEWSOM, as Governor, etc., et al., <br><br> Defendants and Respondents. | F082357 <br><br> (Super. Ct. No. 20CECG03170) <br><br> **OPINION** |

APPEAL from an order of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Pacific Legal Foundation, Luke A. Wake and Daniel M. Ortner for Plaintiffs and Appellants.

Timothy Sandefur for Goldwater Institute as Amicus Curiae on behalf of Plaintiffs and Appellants.

Benbrook Law Group, Bradley A. Benbrook, Stephen M. Duvernay; Karen R. Harned and Rob Smith for National Federation of Independent Business Small Business Legal Center as Amicus Curiae on behalf of Plaintiffs and Appellants.

FisherBroyles and Paul J. Beard for Counties of Fresno, Placer and San Joaquin as Amicus Curiae on behalf of Plaintiffs and Appellants.

Matthew Rodriquez, Acting Attorney General, Rob Bonta, Attorney General, Thomas S. Patterson, Assistant Attorney General, Paul Stein and Aaron Jones, Deputy Attorneys General, for Defendants and Respondents.

David A. Carrillo and Brandon V. Stracener for California Constitution Center as Amicus Curiae on behalf of Defendants and Respondents.

James R. Williams, County Counsel, Stephanie L. Safdi and Hannah M. Kieschnick, Deputy County Counsel, for County of Santa Clara, City of Los Angeles, and City of San Francisco as Amicus Curiae on behalf of Defendants and Respondents.

-ooOoo-

In August 2020, Governor Gavin Newsom and the California Department of Public Health introduced the Blueprint for a Safer Economy, which implemented a color-coded, risk-based framework for tightening and loosening restrictions on activities during the COVID-19 pandemic. The Blueprint regime included restrictions on business activities, including customer capacity limitations.

Plaintiffs are Central California businesses and their owners. Ghost Golf, Inc. operates an indoor mini-golf course in Fresno County and Daryn Coleman is a shareholder.[1] Sol y Luna is a Mexican restaurant in Kern County owned by Nieves Rubio.

In October 2020, plaintiffs filed suit against the Governor and three other persons who they claim are each responsible in some way for creating and enforcing the Blueprint. Plaintiffs alleged causes of action for declaratory and permanent injunctive relief, contending the Blueprint's creation and enforcement are unlawful. Their complaint included a request for nominal damages. They averred their businesses were

---

[1] The complaint identifies Coleman as the "owner" of Ghost Golf, Inc. We assume this means he is a shareholder, but we do not know if he is the only shareholder.

put in jeopardy of permanently closing because the Blueprint's restrictions prevented them from operating at profitable levels.

Shortly after filing suit, plaintiffs moved for a preliminary injunction seeking to enjoin the enforcement of the Blueprint, which the trial court denied. Plaintiffs appeal under Code of Civil Procedure section 904.1, subdivision (a)(6), from the order denying their motion.

On June 11, 2021, after appellate briefing was completed, the Governor issued an executive order rescinding the Blueprint. With the Blueprint rescinded, we can no longer grant any practical, effective relief to plaintiffs on their motion for a preliminary injunction, and this appeal must therefore be dismissed as moot.

## BACKGROUND

### I.     Legal background

In response to the COVID-19 pandemic, Governor Newsom declared a state of emergency in California on March 4, 2020. He then issued a general stay-at-home order on March 19, 2020, that indefinitely prohibited "non-essential businesses" from operating. All non-essential businesses remained closed until May 4, 2020, when Governor Newsom issued Executive Order N-60-20, which allowed the State of California to begin reopening non-essential businesses in phases. Executive Order N-60-20 delegated authority to the California Public Health Officer "to take any action she deems necessary to protect public health in the face of the threat posed by COVID-19."

On July 1, 2020, Governor Newsom ordered many businesses, including dine-in restaurants and family entertainment centers, to cease indoor operations in counties on the "State's County Monitoring List," which then included Fresno and Kern Counties. On July 13, 2020, Governor Newsom required closure of indoor operations for dine-in restaurants and family entertainment centers statewide, and imposed restrictions on indoor operations for various other businesses in the counties on the State's County Monitoring List.

3.

On August 28, 2020, the Governor and the California Department of Public Health (CDPH) announced they were replacing the County Monitoring List with the Blueprint. The Blueprint created a color-coded, tiered system that assigned each California county a color (purple, red, orange, or yellow) based on its assessed risk level for COVID-19 transmission and imposed corresponding restrictions for different sectors. The color-coding for each county was updated weekly.

Under the Blueprint regime, indoor family entertainment centers were required to remain closed completely so long as a county was classified as either "purple" or "red." They could operate at 25 percent capacity in counties in the "orange" tier and 50 percent capacity in the "yellow" tier.

Similarly, the Blueprint prohibited indoor dining in "purple" counties and imposed restrictions on indoor operations in the other tiers. Restaurants in "red" counties were limited to operating at 25 percent capacity and could not, under any condition, seat more than 100 people. Restaurants in "orange" counties were prohibited from operating at more than 50 percent capacity and could not, under any condition, seat more than 200 people. Restaurants in "yellow" counties were also limited to 50 percent capacity.

## II.    Lower court proceedings

On October 26, 2020, plaintiffs filed suit against defendants in Fresno County Superior Court. The complaint alleged the Governor and CDPH lacked the statutory authority to impose the type of business closure orders and other restrictions on indoor businesses derived from the Blueprint. The complaint further alleged, in the alternative, that broadly interpreting the Emergency Services Act (Gov. Code, § 8558 et seq.) and the relevant provisions of the Health and Safety Code as conferring unfettered discretion on defendants to impose restrictions on businesses would violate the California Constitution's non-delegation doctrine. The plaintiffs sought declaratory and permanent injunctive relief, as well as nominal damages.

4.

On November 12, 2020, plaintiffs filed a motion for preliminary injunction "enjoining Defendants, their employees, agents, and persons acting on their behalf from enforcing Governor Newsom's Blueprint for a Safer Economy and other COVID-19 related emergency orders" against Plaintiffs' businesses. A hearing was held on December 16, 2020. On January 29, 2021, the trial court issued an order denying plaintiffs' motion, finding plaintiffs were unlikely to prevail on the merits of any of their causes of action and that the balance of equities did not favor an injunction.

On February 4, 2021, plaintiffs filed a notice of appeal from the order denying their preliminary injunction.

## III. Blueprint rescinded

On June 11, 2021, after appellate briefing was completed, the Governor signed Executive Order N-07-21,[2] which reads in part:

"IT IS HEREBY ORDERED THAT:

"1) Executive Order N-33-20, issued on March 19, 2020, setting forth the Stay-at-Home Order is hereby rescinded.

"2) Executive Order N-60-20, issued on May 4, 2020, directing the State Public Health Officer to issue a risk-based framework for reopening the economy, and all restrictions on businesses and activities deriving from that framework, including all aspects of the Blueprint for a Safer Economy, is hereby rescinded."

We requested supplemental briefing from the parties on whether Executive Order N-07-21 mooted this appeal and, if so, whether this appeal should be dismissed. Both parties submitted supplemental briefs. Defendants argue this appeal is moot and should be dismissed. Plaintiffs argue this appeal is not moot, and alternatively contend there are good reasons for us to exercise our discretion to decide this appeal even were it moot.

---

[2] We take judicial notice of this executive order under Evidence Code sections 459 and 452, subdivision (c).

## DISCUSSION

Plaintiffs contend the trial court erred in denying their motion for a preliminary injunction, but we conclude their appeal is moot and should be dismissed.

Courts decide only justiciable issues. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1573.) Justiciability means the questions litigated are based on an actual controversy. (*Ibid.*) Unripeness and mootness describe situations where there is no justiciable controversy. (*Ibid.*) Unripe cases are those in which an actual dispute or controversy has yet to come into existence. (*Ibid.*) At the other end of the spectrum, mootness occurs when a once ripe actual controversy no longer exists due to a change in circumstances. (*Ibid.*)

"An appeal is moot if the appellate court cannot grant practical, effective relief." (*Citizens for the Restoration of L Street v. City of Fresno* (2014) 229 Cal.App.4th 340, 362.) "The legal test for effective relief is whether there is a 'prospect of a remedy that can have a practical, tangible impact on the parties' conduct or legal status.' " (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1053.) With the Blueprint rescinded, there is no longer anything to enjoin under plaintiffs' motion for a preliminary injunction, and therefore no practical, tangible relief we can grant plaintiffs in the context of this appeal. This appeal is therefore moot.

Moot appeals should generally be dismissed. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 77—78; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2020) ¶ 5:22 [the general rule is that moot appeals are dismissed].) But there are three discretionary exceptions that allow an appellate court to retain an otherwise moot appeal: "(1) when the case presents an issue of broad public interest that is likely to recur [citation]; (2) when there may be a recurrence of the controversy between the parties [citation]; and (3) when a material question remains for the court's determination [citation]." (*Cucamongans United for Reasonable Expansion v. City of Rancho Cucumonga* (2000) 82 Cal.App.4th 473, 479—480.)

6.

None of these exceptions apply here. This is an appeal from the denial of a motion for a preliminary injunction, and no issue or question arose in the context of the motion proceedings that would counsel us to exercise our discretion to decide this moot appeal. Additionally, considering current vaccination, infection, and death rates, plaintiffs have not shown it is likely defendants will reimpose similar business restrictions, including capacity limitations, before plaintiffs' complaint can be adjudicated on the merits.[3] (See *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 434 [finding appellant had not established an applicable exception to mootness].)

As of August 5, 2021, 63.2 percent of Californians aged 12 or older were fully vaccinated, and an additional 9.7 percent were partially vaccinated.[4] As of August 5, 2021, there was a seven-day average of 19.1 new cases of COVID-19 per 100,000 persons in California, compared to a high of 112.4 new cases per 100,000 in January 2021. Also as of that date, there was a seven-day average of .03 new deaths from the virus per 100,000 Californians, compared to a high of 1.7 per 100,000 in January 2021. California also currently has a seven-day test positivity rate of 7.1 percent, compared to a 17.1 percent rate in late December to early January. Finally, as of July 7, 2021, the state has 5,551 COVID-19 hospitalized patients (over a 14-day average) and 1,890 intensive care unit beds available. In January 2021, the 14-day average of hospitalized patients surpassed 22,000, and ICU bed availability hovered around just over 1,000.[5]

We are aware of the recent rise of COVID-19 variants. The "delta" variant has become the dominant strain in the United States according to the Centers for Disease

---

[3] Plaintiffs can, of course, file a renewed motion if warranted by changed facts and circumstances.

[4] (https://covid19.ca.gov/vaccination-progress-data/ [as of August 5, 2021].)

[5] (https://covid19.ca.gov/state-dashboard/ [as of August 5, 2021].)

Control and Prevention (CDC), comprising an estimated 83.3 percent of all new infections by the end of July 2021.[6]  However, according to the CDC, studies so far suggest that COVID-19 vaccines authorized for use in the United States offer protection against the circulating variants.[7]  All this considered, plaintiffs have not shown a likelihood that defendants will reimpose in the foreseeable future business restrictions of the type that gave rise to the underlying lawsuit.

Moreover, " ' "[t]he granting or denial of a preliminary injunction [in a case] does not amount to an adjudication of the ultimate rights in controversy" ' " (*Integrated Dynamic Solutions, Inc. v. VitaVet Labs, Inc.* (2016) 6 Cal.App.5th 1178, 1186), and a preliminary injunction is an interim remedy only, not a cause of action in itself. (*MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618, 623).  Therefore, the plaintiffs here can continue to litigate their complaint, which includes a request for nominal damages, because the trial court has not decided any of their claims.[8]  Neither the trial court's denial of the motion for a preliminary injunction nor our dismissal of this appeal as moot will affect the adjudication of any of the plaintiffs' claims.

In dismissing this appeal as moot, we take no position on the merits of plaintiffs' complaint, and this opinion should not be taken as an indication of how any issues outside of this appeal should be resolved.

---

[6] (https://covid.cdc.gov/covid-data-tracker/#variant-proportions [as of Aug. 5, 2021].)

[7] (https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html (updated July 29, 2021) [as of August 5, 2021].)

[8] Plaintiffs have not abandoned their prayer for nominal damages.  To the contrary, they assert in their supplemental briefing that their nominal damages claims keeps this case alive.

8.

## DISPOSITION

The appeal is dismissed as moot.  Appellants' motion to supplement the record is denied.  The parties shall bear their own costs.


SNAUFFER, J.

WE CONCUR:


MEEHAN, Acting P.J.


DE SANTOS, J.